The opinion of the court was delivered by
MoEnbry, J.
The plaintiff and defendant are sisters, and owned in indivisión a cotton plantation in the parish of Rapides, containing 1000 acres. They inherited this property from their mother.
The defendant, when she was some seven years of age, was taken to the Republic of Mexico by her uncle, Edward Sauton, and his wife. She has been absent some eighteen years.
The plaintiff, alleging that her sister, the defendant, was an absentee, brought suit for a partition of the property. A curator ad hoc was appointed by the court to represent the absent defendant, who had no agent in the State. Experts were appointed to ascertain whether the property could be partitioned in kind.
They reported that a division in kind could not be made. The curator ad hoc opposed this report.
Testimony was then taken on the issue thus presented by the report of the experts appointed oy the judge, and a decree rendered ordering the sale of the property. The property was advertised and sold in accordance with the decree and Benjamin Oooper purchased the same for the sum of $10,000.
The proceedings were all regular and in conformity to law. No complaint [is made by the adjudicatee as to any irregularity thus far.
But when title was tendered to him and the price of the adjudication demanded, he refused to comply with his bid, whereupon the plaintiff took a rule upon him to compel him to comply with the ad *920 judication. His answer to the rule is that he can not accept the title and pay the price because the co-heir and defendant, Louise Amelia Sauton, is and was dead at the time the partition proceedings was instituted, and that she had married and died, leaving issue. To sustain the allegations in his answer to the rule, he took by commission the testimony of a number of witnesses, relatives and connections of the defendant. He failed to prove by them that the defendant had ever married, or that she was dead.
On the contrary the testimony taken by commission satisfies us that the defendant is still living in the city of Guanajuato, Mexico, and that she is unmarried.
Being an absentee without an agent or representative, owning property in this State against which a right is asserted, the appointment of a curator ad hoc was the proper mode of proceeding to procure service on the absentee. Butler vs. Washington, 45 An.-.
The district judge made the rule absolute; we can find no error in the decree.
Judgment affirmed.